IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EDWARD JAMES HOPSON, #74709

PLAINTIFF

VERSUS                    CIVIL ACTION NO.  3:06cv047TSL-JCS

JOANN ROSS, LAWRENCE KELLY,
AND CHRISTOPHER EPPS                    DEFENDANTS

OPINION AND ORDER

This cause comes before this court on the plaintiff's
response [11-1] filed August 4, 2006.  Upon further consideration
of the records in this action, the court finds that an order was
entered on January 31, 2006, denying the prisoner plaintiff's
request to proceed in forma pauperis because he had had three
civil actions dismissed as frivolous.  See 28 U.S.C. § 1915(g).
That order further directed the plaintiff to pay the full filing
fee of $250.00 within 30 days.  Plaintiff was warned that his
failure to timely comply with the requirements of the order would
lead to the dismissal of his lawsuit.

Because the plaintiff failed to respond to the order of
January 31, 2006, this court entered an order to show cause [5-1]
on March 28, 2006.  The plaintiff filed a response [6-1] on April
21, 2006.  Having considered the plaintiff's response, this court
entered an order [7-1] denying the plaintiff's response and
granting him a 15-day extension of time to pay the filing fee.
Instead of paying the filing fee, the plaintiff filed a response
[8-1] on May 22, 2006, which was denied by an order [9-1] on June

13, 2005.  The order [9-1] of June 13, 2006, once again granted the plaintiff a 15-day extension of time to pay the filing fee.

When the plaintiff failed to comply with the order [9-1] of June 13, 2006, this court entered an order to show cause [10-1] on July 25, 2006.  The plaintiff filed a response [11-1] on August 4, 2006, which is presently before this court.

This court finds that it has addressed the plaintiff's arguments set forth in his response [11-1] in previous orders of this court entered on January 31, 2006, May 9, 2006, and June 13, 2006.  Therefore, the plaintiff's response [11-1] is not well taken.  Moreover, this court finds that it has given the plaintiff ample time to pay the filing fee as directed in the order of January 31, 2006.

Clearly, the plaintiff has failed to comply with the court's orders.  This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.

Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the ____1st____ day of September, 2006.


_____/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE